[Cite as *State v. Meisenhelder*, 2012-Ohio-2857.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| | : | JUDGES: |
| STATE OF OHIO | : | W. Scott Gwin, P.J. |
| | : | John W. Wise, J. |
| Plaintiff-Appellee | : | Julie A. Edwards, J. |
| | : | |
| -vs- | : | Case No. 11CA0092 |
| | : | |
| | : | |
| CHAD MEISENHELDER | : | O P I N I O N |
| Defendant-Appellant | | |

CHARACTER OF PROCEEDING:          Criminal Appeal from Licking County
                                  Court of Common Pleas Case No.
                                  01CR00058

JUDGMENT:                         Affirmed

DATE OF JUDGMENT ENTRY:           June 22, 2012

APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

CHAD MEISENHELDER                     KENNETH W. OSWALT
Inmate No. 412-944                    Prosecuting Attorney
P.O. Box 69                           Licking County, Ohio
London, Ohio  43140                   20 South Second Street
                                      Newark, Ohio  43055

*Edwards, J.*

{¶1}   Defendant-appellant, Chad Meisenhelder, appeals from the August 18, 2011, Judgment Entry of the Licking County Court of Common Pleas denying his Petition for Post Conviction Relief.  Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2}   On the evening of February 3, 2001, Robert Wilcox, Cheryl Paxson and brothers Stephen Francis, Jr. and Derek Francis went out to celebrate Derek Francis's twenty-first birthday. Also out on the same evening were appellant, his brothers-in-law, Glendell Newlon and Stephen Riffle, and his co-defendant, Brian Eakin. In the early morning hours of February 4, 2001, the two groups encountered each other. A fight ensued between appellant, Mr. Eakin, Mr. Wilcox and the Francis brothers. As a result, Wilcox died and the Francis brothers sustained injuries.

{¶3}   Consequently, on February 16, 2001, the Licking County Grand Jury indicted appellant on one count of murder in violation of R.C. 2903.02(B), an unclassified felony, and two counts of attempted felonious assault in violation of R.C. 2903.11(A)(1) and 2923.02(A), felonies of the third degree. At his arraignment on February 20, 2001, appellant entered a plea of not guilty to the charges.

{¶4}   Subsequently, a jury trial commenced on May 29, 2001. The jury found appellant guilty as charged. Pursuant to a Judgment Entry filed on June 14, 2001, the trial court sentenced appellant to fifteen years on the murder count and to four years on each of the attempted felonious assault counts, to be served consecutively.

{¶5}   Appellant appealed his conviction and sentence. Pursuant to an Opinion filed on March 18, 2002 in *State v. Meisenhelder*, 5th Dist. No. 01CA00068, 2002-Ohio-1449, this Court affirmed the judgment of the trial court.

{¶6}   On July 14, 2011, appellant filed an "Untimely Petition for Post Conviction."  Pursuant to a Judgment Entry filed on August 18, 2011, the trial court denied appellant's petition.

{¶7}   Appellant now raises the following assignment of error on appeal:

{¶8}   "I. THE TRIAL COURT ERRED IN VIOLATION OF THE OHIO AND UNITED STATES CONSTITUTION'S AND AS A RESULT ALL OF APPELLANTS RIGHTS THEREUNDER WERE VIOLATED, WHEN IT DENIED HIS PETITION FOR POST CONVICTION RELIEF, BECAUSE THE FACTS AND ALLEGATIONS, CLAIMS, AND EVIDENCE ATTACHED WARRANTED A HEARING ON THE PETITION."

I

{¶9}   Appellant, in his sole assignment of error, argues that the trial court erred in denying his Petition for Post Conviction Relief without a hearing. We disagree.

{¶10} Appellant concedes that his Petition for Post Conviction Relief was untimely filed.[1]  Pursuant to R.C. 2953.23(A), a court may not entertain an untimely petition unless defendant initially demonstrates either (1) he was unavoidably prevented from discovering facts necessary for the claim for relief, or (2) the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in defendant's situation. R.C. 2953.23(A)(1)(a). If defendant were able to satisfy

---

[1] Pursuant to R.C. 2953.21(A)(2), a petition for post conviction relief "shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or, if the direct appeal involves a sentence of death, the date on which the trial transcript is filed in the Supreme Court. If no appeal is taken, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal."

one of those two conditions, R.C. 2953.23(A) requires that he also must demonstrate that but for the constitutional error at trial, no reasonable fact finder would have found him guilty of the offenses of which he was convicted. R.C. 2953.23(A)(1)(b).

{¶11} At the trial in this matter, Glendell Newlon, appellant's brother-in-law, testified that he observed appellant land a "forceful" hit to  Wilcox's face, causing Wilcox to fall with his head "wobbling" and to strike his head on the pavement. Trial Transcript at 244-245. Appellant, in his Petition for Post Conviction Releif, argued that there was newly discovered evidence that Newlon was not wearing his prescription glasses at the time of the fight. Attached to appellant's petition was Newlon's affidavit. Newlon, in his April 15, 2011, affidavit, stated, in relevant part, as follows:

{¶12} "I had previously given testimony in the criminal case of State of Ohio v. Chad Meisenhelder, Case Number 01CR-0058, but I was not asked for all of the facts that I knew and I was not given permission to speak freely, and had I been given permission to do so, I would have testified to the following:

{¶13} "At trial when I was testifying and during my testimony, Chad's defense lawyer and neither the Prosecutor for the State asked me if I was 100% sure whether it was Chad Meisenhelder or not assaulted Bobby Wilcox the night of February 04th 2001. I wear eye glasses for helping me see, and I that didn't have them on the night of February 04th, 2001.  I wear eye glasses for helping me see, and I didn't have them on the night of the assaults against Bobby Wilcox.  Had I been asked how sure I was that it was Chad that assaulted Bobby Wilcox, I would have said 'Not 100% sure that it was Chad was assaulted Bobby Wilcox.'

{¶14} "I was never questioned by either party at trial as to my eyesight and whether or not I had my eye glasses on or not.  Had I been asked whether or not I wear eyeglasses, I would have said 'yes.'  Had I been asked whether or not I was wearing my eyeglasses the night of 02-04-2001 at the time of the assault on Bobby Wilcox, I would have said 'No.'"

{¶15} According to appellant, "[t]his was enough to warrant a hearing on this issue, to determine whether counsel was ineffective for not developing and building this testimony about the lack of eye glasses, and that Newlon was not 100% sure that it was [appellant] that hit Wilcox in the face."

{¶16} Appellant, in support of his contention that such evidence was newly discovered, attached the affidavit of Rachel Newlon. Newlon, in her affidavit, stated that appellant had asked her to interview Glendell Newlon, that Newlon told her that he did not want to talk about the case, and that it was not until March of 2011 that Newlon finally agreed to answer some questions.  We question whether such evidence was truly "newly discovered since" Glendell was appellant's brother-in-law and was with appellant just prior to the attack.  Appellant clearly would have known if Newlon wore glasses and if he was wearing them on the night in question.

{¶17} However, assuming, arguendo, that this was newly discovered evidence, we find that appellant has failed to demonstrate that, but for the constitutional error at trial, no reasonable fact finder would have found him guilty. We note that Glendell Newlon testified at trial that "[t]he way the lighting was, I really couldn't tell colors because of the shadow… It was like silhouette, but I could see the three standing there." By so testifying, Newlon put his identification at issue of appellant as the one

who hit Wilcox at issue before the jury.  Moreover, as noted by appellee, appellant's liability was as a principal offender or as an accomplice with his co-defendant, Brian Eakin. The testimony established that Wilcox and the Francis brothers were out celebrating Derek Francis's twenty-first birthday. Trial Transcript at 141, 213. The three were walking down the street when appellant and Eakin came upon them. Trial Transcript at 149, 151, 240-242, 315. There is no dispute that Eakin bet appellant one dollar to beat up the three. Trial Transcript at 240-241, 315-317.  Appellant admitted this to the police. Trial Transcript at 376. Appellant claimed he only watched as Eakin punched Wilcox and repeatedly kicked him in the head. Trial Transcript at 377. At the scene, Cheryl Paxson told the police that appellant did attack Wilcox. Trial Transcript at 110-111.  Paxson testified that she heard Mr. Eakin and appellant say something to the effect "let's do this." Trial Transcript at 159.  Moreover, at trial, Stephen Riffle, appellant's brother-in-law, testified that Eakin bet appellant a dollar if appellant would jump the three boys. Riffle testified that appellant asked Eakin "where's the dollar", that Eakin then pulled the dollar out and that appellant then took the dollar, took off running and jumped on the three guys. Trial Transcript at 317.

{¶18} Based on the foregoing, we concur with appellee that the jury could have convicted appellant "based upon his participation in the 'bet' that led to the fatal assault, even if the fatal blow was inflicted by his co-defendant, Brian Eakin."

{¶19} We find, therefore, that the trial court did not err in denying appellant's untimely petition without a hearing.

**{¶20}** Appellant's sole assignment of error is, therefore, overruled.

**{¶21}** Accordingly, the judgment of the Licking County Court of Common Pleas is affirmed.

By: Edwards, J.

Gwin, P.J. and

Wise, J. concur

_____

_____

_____

JUDGES

JAE/d0306

[Cite as *State v. Meisenhelder*, 2012-Ohio-2857.]

IN THE COURT OF APPEALS FOR LICKING COUNTY, OHIO

FIFTH APPELLATE DISTRICT

STATE OF OHIO                          :
                                       :
                Plaintiff-Appellee     :
                                       :
                                       :
-vs-                                   :        JUDGMENT ENTRY
                                       :
CHAD MEISENHELDER                      :
                                       :
                Defendant-Appellant    :        CASE NO. 11CA0092


    For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Licking County Court of Common Pleas is affirmed. Costs assessed to appellant.


_____


_____


_____

JUDGES